

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
Eastern Division

---------------------------------------------x
JAMES C. JAMIESON, JR.
4100 Laclede Avenue
Suite 112
St. Louis, MO 63108

                     Plaintiff,

- v. -

NAME ADMINISTRATION, INC.,
P.O. Box 119, Palm Chambers
Road Town, Tortola
VG

                     Defendant.
---------------------------------------------x

Case No. 4:03CV01588FRB

JURY TRIAL REQUESTED

## COMPLAINT

### NATURE OF ACTION

Plaintiff James C. Jamieson, Jr. ("Mr. Jamieson") brings this complaint against Defendant Name Administration Inc. ("Name Administration") for cyberpiracy, trademark infringement, false designation of origin, and unfair competition.

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over the claims asserted herein pursuant to 15 U.S.C. §§ 1114(a), 1121 and 1125 (a) and (d), and 28 U.S.C. §§ 1331, 1367, and 1338.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b). Plaintiff Jamieson's claims arise in part in this district as well as in other states and territories where Defendant advertises and offers services, using an interactive website, in connection with a mark and domain name that infringe Mr. Jamieson's rights.

## PARTIES

3. Plaintiff Jamieson owns a registered trademark for "SYMBIOTROPIN" and sells a nutritional supplement under that mark through Nutraceutics, a corporation with a principal place of business at 322 Morganford Road, St. Louis, MO 63116. Nutraceutics holds an exclusive license to use the SYMBIOTROPIN mark.

4. Defendant is an entity calling itself "Name Administration, Inc." with mailing addresses specified variously in Tortola and the Cayman Islands.

## FACTS

5. Mr. Jamieson has offered a food supplement under the mark SYMBIOTROPIN since March of 1994.

6. Mr. Jamieson, through Nutraceutics, sells Symbiotropin® to authorized distributors, who in turn sell the product to consumers. Authorized distributors market Symbiotropin® primarily via the Internet.

7. As a result of substantial and continuous use, promotion, advertising, and media exposure of the food supplement Mr. Jamieson offers under his SYMBIOTROPIN mark, consumers and the trade have come to recognize the SYMBIOTROPIN mark as identifying a product of high quality emanating exclusively from Mr. Jamieson's Nutraceutics. Accordingly, Mr. Jamieson holds exclusive, national rights in the SYMBIOTROPIN mark for sales and distribution of food supplements.

8. Moreover, on or about June 15, 1999, the US Patent and Trademark Office (PTO) granted Mr. Jamieson registration on the Principal Register for SYMBIOTROPIN use in connection with a food supplement, Reg. No. 2,252,787.

9. The SYMBIOTROPIN mark is Mr. Jamieson's valuable asset.

10. Nutraceutics has received reports of consumers mistakenly trying to locate its products by using the domain name SYMBIOTROPIN.COM ("Domain"). On information and belief, many other consumers and others have actually been confused in this manner.

11. The domain name SYMBIOTROPIN.COM is identical to Mr. Jamieson's registered mark SYMBIOTROPIN save for the second-level domain identifier ".com," which is without trademark significance.

12. Defendant "Name Administration, Inc.," registrant of the Domain, purports to be a domain registrar. Visitors to Defendant's "registrar" website cannot register a domain name through the website, however. Defendant in fact registered the Domain through another registrar, "The Registry at Info Avenue."

13. Defendant's websites list various addresses in the Caribbean. The server for SYMBIOTROPIN.COM resides in Canada.

14. Visitors to SYMBIOTROPIN.COM find a webpage entitled "SYMBIOTROPIN.COM" that contains a set of advertisements for Nutraceutics' Symbiotropin®. The advertisements are hyperlinked to companies that offer the product for sale. None of the advertisements use the ® symbol in conjunction with the SYMBIOTROPIN mark, and the webpage does not disclaim a relationship to Nutraceutics.

15. On information and belief, Defendant receives a commission every time a visitor clicks on one of the hyperlinked advertisements for Nutraceutics' product.

16. Defendant's use of the SYMBIOTROPIN mark and the SYMBIOTROPIN.COM domain name was and is without Mr. Jamieson or Nutraceutics' authorization.

17. Defendant's registration and use of the Domain evinces a bad faith intent to profit from a domain name identical or confusingly similar to Mr. Jamieson's well-known mark.

18. On information and belief, Defendant's registration of the Domain is part of a pattern of "cybersquatting" or "cyberpiracy," i.e., the intentional registration of marks and domain names confusingly similar to those used and owned by other parties for the purpose of diverting Internet traffic to sites that Defendant may post and/or to ransom the domain names back to mark owners.

19. By reason of Defendant's acts alleged herein, Mr. Jamieson has suffered and will suffer damage to his business, reputation, and good will, and the loss of sales and profits Mr. Jamieson would have made but for Defendant's acts.

20. Defendant threatens to continue to do the acts complained of herein, and, unless enjoined, Defendant likely will continue to cause Mr. Jamieson irreparable damage. It would be difficult to ascertain the amount of compensation that could afford Mr. Jamieson adequate relief for such continuing acts, and a multiplicity of judicial proceedings would be required. Mr. Jamieson's remedy at law is not adequate to compensate it for injuries threatened.

## COUNT I

### CYBERPIRACY – 15 USC § 1125(d)

21. Mr. Jamieson adopts and incorporates by this reference each and every preceding paragraph as if fully set forth herein.

22. Defendant has a bad faith intent to profit from Mr. Jamieson's mark.

23. Defendant has registered, traffics in, and/or uses a domain name that is identical or confusingly similar to a mark owned by Mr. Jamieson that was distinctive at the time Defendant registered the domain name.

24. Defendant's acts constitute cyberpiracy in violation of 15 U.S.C. § 1125(d), and the willfulness of such acts entitle Mr. Jamieson to treble damages and attorneys fees under 15 U.S.C. § 1117.

## COUNT III

### TRADEMARK INFRINGEMENT – 15 U.S.C. § 1114(a)

25. Mr. Jamieson adopts and incorporates by this reference each and every preceding paragraph as if fully set forth herein.

26. Defendant has used Mr. Jamieson's registered mark in connection with the sale, offering for sale, distribution, and/or advertising of goods and/or services on and/or in connection with which such use is likely to cause confusion, and/or to cause mistake, and/or to deceive. The willfulness of such acts entitles Mr. Jamieson to treble damages and attorneys fees under 15 U.S.C. § 1117.

### FALSE DESIGNATION OF ORIGIN / TRADEMARK INFRINGEMENT – 15 U.S.C. § 1125(a)

27. Mr. Jamieson adopts and incorporates by this reference each and every preceding paragraph as if fully set forth herein.

28. Defendant's acts are likely to cause confusion, and/or to cause mistake, and/or to deceive as to the affiliation, connection, and/or association of Defendant with another person, and/or as to the origin, sponsorship, and/or approval of Defendant's goods, services, and/or commercial activities by another person. The willfulness of such acts entitles Mr. Jamieson to treble damages and attorneys fees under 15 U.S.C. § 1117.

## COUNT IV

## UNFAIR COMPETITION – COMMON LAW

29.  Mr. Jamieson adopts and incorporates by this reference each and every preceding paragraph as if fully set forth herein.

30.  The aforesaid acts constitute common law trademark infringement, misappropriation of Mr. Jamieson's goodwill, and unfair competition in Missouri and other states where Defendant offers and/or advertises its services, by reason of which Mr. Jamieson has suffered, and will continue to suffer irreparable injury.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Jamieson respectfully asks this Court to grant the following relief:

A.  Enter judgment that Defendant has violated 15 U.S.C. § 1111(a) and 1125(a) and (d);

B.  Enjoin Defendant, its agents, servants, employees, and attorneys, and all those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from making any present or future use of the domain name SYMBIOTROPIN.COM, or any other marks or names confusingly similar thereto as a domain name, trademark, service mark, trade name, or otherwise;

C.  Order Defendant to assign the domain name SYMBIOTROPIN.COM to Mr. Jamieson and to notify the domain name's registrar and registry of the assignment;

D.  Award damages suffered by Mr. Jamieson in an amount to be proved at trial but believed to exceed $500,000, and profits, costs, and attorneys' fees, trebled, to the full extent provided for by Section 35 of the Lanham Act, 15 U.S.C. § 1117, and any other applicable laws, or, in the alternative to damages for violation of 15 U.S.C. §1125(d), an award of $100,000 in statutory damages pursuant to 15 U.S.C. § 1117(d); and

E.  Grant such other relief as this Court deems just and proper.

**JURY DEMAND**

Mr. Jamieson requests that the claims in this action be tried to a jury.

Respectfully submitted,

Jonathan Bender
LAW OFFICE OF
JONATHAN BENDER, P.C.
1250 24th Street, N.W., Suite 350
Washington, D.C. 20037
(202) 466-0565

Counsel for James C. Jamieson, Jr.

Dated: November 1, 2003